UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 4, 2016

LETTER TO COUNSEL

RE:   *Christian St. Holder v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-666

Dear Counsel:

On March 10, 2015, Plaintiff Christian St. Holder petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his request for waiver of an overpayment. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. St. Holder's reply. (ECF Nos. 15, 22, 26). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Garnett v. Sullivan*, 905 F.2d 778, 780 (4th Cir. 1990). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

This case has a long procedural history. Mr. St. Holder was found disabled as of October 27, 2000, and began receiving disability benefits in April, 2001. (Tr. 295). Beginning in 2002, Mr. St. Holder began working sporadically, but he was earning significant wages as a consultant during the times he was working. (Tr. 569, 306-307, 309-10, 312-13). Mr. St. Holder's official file at SSA contains very few documents. Specifically, the file contains no documents for 2002-03, 2005, 2007, or 2008-09.[1] The documents that are in the file for the earlier years consist largely of documents sent to Mr. St. Holder's employers to substantiate his earnings. *See, e.g.*, (Tr. 304, 306-07).

There is a Case Summary in the file reflecting that, on September 20, 2006, SSA determined that Mr. St. Holder's benefits should cease as of October, 2002 as a result of his work activity. (Tr. 315-16). However, the case summary says "because substantial gainful work has now stopped, benefit checks can continue." *Id.*

Although it was not contained in SSA's file, Mr. St. Holder received a letter on April 14, 2007 stating that SSA claimed a $36,783.90 overpayment. (Tr. 346-49). The record does not

---

[1] SSA's file appears to be grossly incomplete since, for example, Mr. St. Holder has a copy of a letter that he received in 2007 and kept in his records. That letter did not appear in the file maintained at SSA. (Tr. 346-49). The SSA file also contains no documentation showing that Glenda Adams became Mr. St. Holder's representative payee upon their marriage in 2010, despite Ms. Adams's testimony that they visited an SSA office to fill out the paperwork. (Tr. 623).

*Christian St. Holder v. Commissioner, Social Security Administration*
Civil No. SAG-15-666
February 4, 2016
Page 2

indicate what transpired with respect to that overpayment alleged in 2006, but later documents sent to Mr. St. Holder and to his representative payee show that he continued to receive benefits.

On April 26, 2011, SSA sent "Notices of Proposed Decision" to Mr. St. Holder and to his representative payee, indicating that "it appears we will decide that CHRISTIAN ST. HOLDER's disability ended because of substantial work October 2002 [sic]." (Tr. 86-90, 91-95). On May 23, 2011, SSA sent a "Notice of Change in Benefits" to the representative payee, indicating that SSA had paid Mr. St. Holder $128,514.70 too much in benefits. (Tr. 111-14). Mr. St. Holder requested a waiver of overpayment recovery, in which he stated that he had called SSA and informed them of his temporary work. (Tr. 429-36). SSA denied the waiver. (Tr. 129-30). After additional correspondence and a personal conference, an Administrative Law Judge ("ALJ") held a hearing on April 25, 2013, and issued an opinion on May 24, 2013, again finding that a waiver was inappropriate.[2] (Tr. 13-16, 606-55). The Appeals Council denied review, so the ALJ's opinion constitutes the final determination of the Commissioner for purposes of this appeal. (Tr. 4-7).

This case turns on whether the ALJ provided substantial evidence to support his determination that Mr. St. Holder was not entitled to waiver of the overpayment. An overpayment is defined as "the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504. When an overpayment occurs, SSA will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the claimant to refund the overpayment. *See* 42 U.S.C. § 404(a). No adjustment or recovery is permitted if: (1) the overpaid individual is without fault and; (2) recovery would defeat the purpose of Title II of the Act, or be "against equity and good conscience." 42 U.S.C. § 404(b); *Garnett*, 905 F.2d at 781. In determining whether an individual is without fault, the Agency will consider all pertinent circumstances, including any physical, mental, educational, or linguistic limitations the individual might have. *See* 42 U.S.C. § 404(b); 20 C.F.R. § 404.507.

Fault is defined in SSA's regulations, which provide that what constitutes fault on the part of the overpaid individual depends upon whether the facts show that the overpayment resulted from:

> (a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) with respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

---

[2] Inexplicably, the ALJ's opinion addresses an overpayment of "$86,496.00 from January 1, 2003 to April 1, 2011." (Tr. 13). Neither the amount nor the dates corresponds with the overpayment SSA seeks to claim from Mr. St. Holder.

*Christian St. Holder v. Commissioner, Social Security Administration*
Civil No. SAG-15-666
February 4, 2016
Page 3

20 C.F.R. § 404.507. The overpaid individual bears the burden of demonstrating that he is without fault, and that repayment would be inequitable, or would defeat the purposes of the Act. *Gatewood v. Astrue*, Civil No. JKS-08-1744, 2011 WL 939027, at *2 (D. Md. March 16, 2011). Even when the Agency has some culpability in the overpayment, an assessment of fault applies only to the overpaid individual. *See* 20 C.F.R. § 404.507. Thus, the fact that SSA is at fault for providing erroneous information in this case is not dispositive as to whether there is fault on the part of Mr. St. Holder. However, SSA's actions are properly considered in assessing Mr. St. Holder's state of mind.

Ultimately, the ALJ did not support his conclusion with substantial evidence. Admittedly, the difficulty in this case lies in an attempt to analyze an incomplete record to determine what an allegedly overpaid individual "knew or could have been expected to know was incorrect" years ago. SSA's incomplete file contains no records of Mr. St. Holder's calls or visits to SSA.[3] (Tr. 641, 642-44, 645-50). Despite the absence of any of that relevant evidence to support or refute Mr. St. Holder's assertions about what occurred, the ALJ did not conduct any other credibility assessment of Mr. St. Holder's hearing testimony. *See Gatewood*, 2011 WL 939027, at *3 ("[T]he credibility determination 'must contain specific reasons for the finding on credibility supported by evidence in the case record'… Here, the [Agency] did not make any credibility assessment of [the claimant's] testimony or indeed even acknowledge that he had testified that he did not receive the notice denying his request for review.") (citation omitted). A credibility assessment is needed here. The Commissioner argues that Mr. St. Holder has no evidence to support his contentions that he repeatedly reported his work activity to SSA, and that he repeatedly was told that he remained entitled to benefits, but the ALJ failed to evaluate the credibility of Mr. St. Holder's testimony, which is in fact evidence sufficient to establish those facts.

Instead of conducting a factually supported assessment of Mr. St. Holder's credibility, the ALJ reverted to general statements about Mr. St. Holder's intellectual abilities, and essentially suggests that someone with a "high level of education and intelligence" should understand the complex rules governing working while disabled. (Tr. 15-16). Without further analysis of the facts in this case, and without an assessment of the credibility of Mr. St. Holder's testimony that he repeatedly received erroneous guidance on the relevant provisions from SSA employees, the ALJ has not provided substantial evidence to support a conclusion that Plaintiff, who was a

---

[3] While the Fourth Circuit has not directly addressed the issue, the Second, Seventh, and Eighth Circuits have found remand appropriate where the record is incomplete. *See Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996) ("Faced with such an incomplete record…we of course cannot say the ALJ's decision is supported by substantial evidence."); *see also Allord v. Astrue*, 631 F.3d 411 (7th Cir. 2011); *Channell v. Colvin*, 756 F.3d 606, (8th Cir. 2014). Even if remand is not warranted on SSA's failure to keep appropriate records alone, the incomplete record in this case clearly impacts the ALJ's ability to support his conclusions with substantial evidence. Additionally, in this case there is a matter of what may be fraudulent documentation added to Mr. St. Holder's case file by SSA, consisting of a letter allegedly sent in 2006 to an address that did not exist until several years later. That documentation was under investigation at the time of the ALJ's decision, and the disposition of that investigation may also be relevant to SSA's consideration of how to handle Mr. St. Holder's request for waiver of overpayment.

layperson, "knew or could have been expected to know that payments were unwarranted." Remand is therefore appropriate.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 22) is DENIED. The ALJ's opinion is REVERSED IN PART, and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge